# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

MARK STEVEN BUSH, JR.,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 3:17-3875
Criminal Case No. 3:16-00227-01

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Movant Mark Bush's Objections to the Proposed Findings and Recommendation ("PF&R") issued on August 30, 2019 by Magistrate Judge Cheryl A. Eifert. *Objections*, ECF No. 383; *PF&R*, ECF No. 368. For the reasons set forth below, the Court **DENIES** Movant's Objections and **ADOPTS AND INCORPORATES HEREIN** the PF&R. Consistent with these decisions, the Court **DISMISSES WITH PREJUDICE** Movant's Motion to Vacate, Set Aside, or Correct Sentence and his Supplemental Motion to Vacate, Set Aside, or Correct Sentence, and **GRANTS** the Government's Motion to Dismiss. *Mot. to Vacate*, ECF No. 188; *Supplemental Mot.*, ECF No. 283; *Mot. to Dismiss*, ECF No. 334. Finally, the Court **ORDERS** this case stricken from its docket.

## I. RELEVANT BACKGROUND

While the factual and procedural history of this case is discussed exhaustively in the PF&R, the Court will undertake a brief review of the essential elements of its background before proceeding further. On December 21, 2016, a grand jury returned an eleven-count indictment against Movant and seven other defendants. In Count One, the grand jury charged that Movant had

engaged in a conspiracy to distribute a quantity of heroin and oxymorphone in violation of 21 U.S.C. § 846 and § 841(a)(1). *Indictment*, ECF No. 1, at 1–2. The grand jury also charged that Movant's conspiracy involved 100 grams or more of heroin, that he had knowingly and intentionally distributed heroin on two occasions, and that he had possessed with the intent to distribute heroin on another occasion. *Id.* at 4, 9, 12. On May 8, 2017, Movant entered an informed guilty plea as to Count One of the indictment and signed a plea agreement to that effect. *See* ECF Nos. 119, 121, 122.

This Court sentenced Movant on August 14, 2017. *See Sentencing Hr'g Tr.*, ECF No. 207, at 1. At his sentencing, Movant disputed the 26,000 kilograms of marijuana equivalency that were attributed to him in his Presentence Report ("PSR"). The Court agreed that the PSR did not establish that Movant was responsible for 26,000 kilograms, but concluded that it did establish his responsibility for at least 3,000 kilograms. *Id.* at 140. The Court also concluded that Movant was a leader in the drug distribution conspiracy, earning him a four-point enhancement under the United States Sentencing Guidelines, as well as another two-point enhancement for possession of a dangerous weapon. *Id.* at 143. After acceptance of responsibility, Movant's guideline sentencing range was 210 to 262 months imprisonment. The Court imposed a low-end sentence of 210 months imprisonment, four years of supervised release, and a $100 special assessment. *Id.* at 143–151.

The next day, Movant mailed the Court a letter stating that he had been unsatisfied with his representation and that he wished to enter an appeal. On August 24, 2017, Movant filed a notice of appeal and the instant Motion to Vacate, Set Aside, or Correct Sentence currently pending before the Court. *See Mot. to Vacate*, at 1. The thrust of Movant's motion is that his trial counsel "rushed" him into taking a plea deal that he would otherwise have rejected had he understood its possible sentencing implications. *Id.* at 3.

On April 5, 2018, the Fourth Circuit Court of Appeals denied Movant's direct appeal and concluded that he had "knowingly and voluntary waived his right to appeal" and "that the issues raised on appeal fall squarely within the scope of the waiver." *Order*, ECF No. 248. On October 12, 2018, Movant filed the instant Supplemental Motion to Vacate, Set Aside, or Correct Sentence, along with several categories of supporting documents. *See Supplemental Mot.*, at 1; *see also* ECF Nos. 284–86. Along with a multitude of other alleged shortcomings on the part of his trial counsel, Movant claimed that he attempted to fire his attorney by mailing the Court a letter on August 2, 2017, but that the Court ignored it or never received it. *Decl. in Support*, ECF No. 285, at 2. Movant's trial counsel strongly disputes this retelling of events, asserting "that the Movant had a full understanding of the potential range of sentences which could be imposed upon him and made an informed decision to enter into the plea bargain." *Davenport Aff.*, ECF No. 306, at 2.

On April 30, 2019, the United States filed a Response to Movant's § 2255 motions that disputed his allegations and argued that his ineffective assistance of counsel claim was "based on his dissatisfaction with the ultimate sentence." *Resp. in Opp'n*, ECF No. 334, at 14. Movant filed a Reply on July 29, 2019, reiterating many of his earlier arguments. *Reply*, ECF No. 367. On August 30, 2019, Magistrate Judge Eifert issued her PF&R recommending that the Court deny both of Movant's motions. *PF&R*, at 1. On November 6, 2019, Movant timely filed a set of twenty numbered objections to the PF&R. *Objections*, at 1–10. The issues addressed in Movant's Objections are ripe for the review this Court now undertakes.

## II. LEGAL STANDARD

Where a party is proceeding *pro se*, the Court will liberally construe his pleadings and objections. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In reviewing objections to a PF&R, the Court must conduct a *de novo* review of those portions of the Magistrate Judge's findings "to

which objection is made." 28 U.S.C. § 636(b)(1)(C). On the other hand, the Court is not obligated to conduct a review of factual and legal conclusions to which a party does *not* object. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Nor is the Court tasked with conducting *de novo* review of "general and conclusory" objections; instead, objections must raise specific errors in the PF&R. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)) (reasoning that "vague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless"). Finally, the Court possesses the wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). With this framework in mind, the Court turns to a consideration of Movant's pending objections.

### III. DISCUSSION

Movant presents twenty objections to Magistrate Judge Eifert's PF&R, though the last of these is a catch-all objection that rejects the PF&R "based on the foregoing reasons." *Objections*, at 10. As this is not an objection to a specific alleged error in the PF&R—and indeed, is not really an objection at all—the Court will proceed to an analysis of Plaintiff's first nineteen objections.

#### A. Objection 1: Omissions from Factual and Procedural History

Movant's first objection is specifically related to the factual and procedural background included in the PF&R. Specifically, he argues that the PF&R omits a discussion of the "revising of PSR tactic employed to obtain guilty plea," apparently related to amendments he claims occurred between July 3, 2017 and July 28, 2017. *Id.* at 1–2. As a preliminary matter, even the most thorough PF&R or judicial opinion will not reference every fact from every stage of proceedings in the course of a factual summary; to hold otherwise would require courts to

incorporate entire records into written opinions and orders. That reality aside, revisions to the PF&R in July 2017 could have no possible effect on the outcome of Movant's motion because he pleaded guilty to Count One of the indictment in May 2017—two months before any revisions allegedly occurred. The fact that Movant's guideline range might have been higher than what he or his attorney expected does not alter the knowing and voluntary nature of his guilty plea in May. *See United States v. Washington*, 233 F. App'x 280, 282 (4th Cir. 2007) (reasoning that attorney's miscalculation of client's guideline range was not grounds to withdraw a guilty plea so long as defendant "was informed of the maximum sentence he faced for each count, [and] that the court could not calculate his sentence until the probation officer prepared the PSR"). As such, Movant's first objection must be denied.

### B. Objection 2: Magistrate Judge's Purported "Role as an Advocate"

Movant's second objection is that Magistrate Judge Eifert acted in "a dual role as advocate and adjudicator impermissibly" because she "failed to address the merits on numerous claims." *Objections*, at 2. Simply put, Movant's second objection is far too general and conclusory for this Court to warrant *de novo*—or practically any other type—of review. *See McPherson*, 605 F. Supp. at 749. To the extent the Court reviews this objection for clear error, the PF&R contains no sign of impermissible bias at all; instead, it reflects a fair-minded and exhaustive review of Movant's motion. As such, Movant's second objection is denied.

### C. Objections 3, 11, and 18: Corpus Delicti

Three of Movant's objections rest on the doctrine of corpus delicti, a common law rule that originally required prosecutors in homicide cases to prove the "body of the crime" through "evidence other than a defendant's out-of-court confession." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 291 (4th Cir. 2019) (Richardson, J., dissenting). Since its development in

seventeenth-century English courts, the doctrine has undergone periods of expansion and contraction in the United States. *See id.* at 291–92; *see also Opper v. United States*, 348 U.S. 84, 93 (1954) (rejecting expansive rule and adopting limited requirement that prosecutors introduce evidence that "would tend to establish the trustworthiness" of confessions). Today, the thrust of the rule provides "that a criminal defendant's conviction cannot rest entirely on an uncorroborated *extrajudicial* confession." *United States v. Stephens*, 482 F.3d 669, 672 (4th Cir. 2007) (citing *Wong Sun v. United States*, 371 U.S. 471, 488–89 (1963)) (emphasis added).

This definition alone makes plain that the rule is entirely inapposite to the instant case, in which Movant has entered an informed guilty plea and admitted his guilt in writing and in open court. *See, e.g.*, *United States v. Harding*, 2013 WL 1832564, at *5 (W.D. Va. May 1, 2013) (reasoning that corpus delicti rule was "irrelevant here because [Defendant] entered a plea of guilty in this case and admitted his guilt under oath in open court"). These statements—made under oath during a Rule 11 colloquy—fall outside the ambit of the corpus delicti rule. To the extent Movant argues he was prejudiced by his attorney's failure to inform him of the corpus delicti rule, and that his statements made at his plea hearing are necessarily false, the Court notes that "the truth of sworn statements made during a Rule 11 colloquy is conclusively established" absent any extraordinary circumstances. *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005). No such circumstances exist here.

It follows that Movant's three objections based on the corpus delicti rule are meritless. The first of these objections is that Magistrate Judge Eifert failed to conduct an appropriate prejudice inquiry with respect to the corpus delicti rule. *Objections*, at 2–3. As explained above, any defense based on a lack of a corpus delicti must necessarily rest on a defense of actual innocence—a defense foreclosed by Movant's own sworn statements of guilt. *Lemaster*, 403 F.3d at 221–22*; see*

*also Borjas-Hernandez v. United States*, No. 3:12-8368, 2014 WL 1572803, at *5, 10 (S.D.W. Va. Apr. 17, 2014). Movant's second corpus delicti objection is somewhat difficult to decipher, but appears to relate to the allegedly self-interested testimony of his co-conspirators and a police detective. *Id.* at 6–7. While it is unclear how the corpus delicti rule could even relate to the confessions and statements of other actors, Movant's guilty plea once again precludes a defense based on lack of a corpus delicti. Finally, Movant objects to Magistrate Judge Eifert's "failure to consider the corpus delicti dismissal of indictment as a matter of law." *Id.* at 9. To the contrary, the PF&R engages Movant's corpus delicti arguments at length and simply reaches a conclusion that Movant disagrees with. *PF&R*, at 34–37. Movant's objection itself proves the irrationality of his argument, contending that "the government has not proven all the elements necessary that the crime has been committed without some other proof of corpus delicti" "[*d*]*espite* Movant's confession at plea hearing." *Objections*, at 9 (emphasis added). Of course, this is exactly the point: Movant's own sworn statements foreclose unsupported post-conviction arguments based on a purported lack of evidence. As such, each of Movant's corpus delicti objections is denied.

### D. Objections 4–7: Failure to Apply Appropriate Prejudice Inquiries

The next five of Movant's objections stem from Magistrate Judge Eifert's alleged failure to apply "the appropriate prejudice inquiry" to his claims that counsel did not inform him of several defenses before deciding to plead guilty. *Id.* at 4–5. His argument is essentially the same with respect to each objection: "where [an] alleged error of counsel is a failure to advise [a] defendant of a potential affirmative defense to the crime charged, the resolution of [the 'prejudice' inquiry mandated by *Strickland v. Washington*, 466 U.S. 668, 695 (1984)] will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill v. Lockhart*, 474 U.S. 52, 59

(1985). Here, the PF&R convincingly demonstrates that Movant would have been unsuccessful in employing any of the defenses he cites at a potential trial.

1. **Objection 4: Simple Possession**

Movant argues that he was prejudiced by his counsel's failure to advise him of his right to pursue the "affirmative defense" of simple possession as to Count Eleven of the indictment.[1] *Objections*, at 4. As is noted in the PF&R, a defendant may be entitled to a jury instruction regarding simple possession in certain limited circumstances. *United States v. Wright*, 131 F.3d 1111, 1112 (4th Cir. 1997). Specifically, to be entitled to a lesser-included offense instruction "the proof of the element that differentiates the two offenses"—in this case, simple possession and possession with the intent to distribute—"must be sufficiently in dispute that the jury could rationally find the defendant guilty of the lesser offense but not guilty of the greater offense." *Id.* An element is sufficiently in dispute where a defendant shows that "the conclusion as to the lesser offense [is] fairly inferable from the evidence presented" *Id.* Critically, however, a "defendant is not entitled to a lesser-included offense instruction as a matter of course." *Id.*

Here, Magistrate Judge Eifert correctly reasoned that "a request for the inclusion of a simple possession defense instruction would have been exceedingly unlikely to succeed." *PF&R*, at 43 (citing *United States v. Davis*, 383 F. App'x 269, 276 (4th Cir. 2010)). The record of this case is replete with indicia of drug trafficking activity; indeed, the Stipulation of Facts appended to Movant's Plea Agreement alone details a sophisticated drug trafficking operation involving at least 700 grams of heroin. *See Plea Agreement*, ECF No. 122, at 7–8. Counsel's failure to inform

---

[1] "Simple possession" is not technically an affirmative defense, but rather a lesser-included offense of possession with intent to distribute. *See, e.g., United States v. Levy*, 703 F.2d 791, 793 (4th Cir. 1983) (characterizing simple possession as a lesser-included offense of possession with the intent to distribute).

Movant of the potential availability of a simple possession defense was therefore an eminently reasonable strategic decision that is entitled to deference. *See Strickland*, 466 U.S. at 689. Nothing in Movant's brief objection alters this conclusion, and so it follows that it should be denied.

**2. Objection 5: Conspiracy with a Government Informant**

Movant next objects to Magistrate Judge Eifert's finding that he was not prejudiced by counsel's failure to inform him that a defendant "cannot conspire with a government agent." *Objections*, at 4. As this argument demonstrates, Movant simply misapprehends the law. While a conspiracy cannot exist if *all* its other members are government agents, *United States v. Hayes*, 775 F.2d 1279, 1283 (4th Cir. 1985), it is beyond dispute that the conspiracy alleged in the instant case did not consist solely of government agents, *see*, *e.g.*, *Plea Agreement*, at 7. While Movant's particular objection is that Magistrate Judge Eifert failed to apply the appropriate prejudice inquiry, there is no conceivable prejudice in failing to inform Movant of a legal rule with no possible bearing on the outcome of his case. Movant's objection is accordingly denied.

**3. Objection 6: Insufficient Evidence of Drug Quantity and Conspiracy**

While it is admittedly difficult to glean clear meaning from this objection, it appears that Movant is objecting to Magistrate Judge Eifert's failure to apply the appropriate prejudice inquiry to his claims of insufficient evidence. *Objections*, at 4. At the outset, the Court is skeptical of the notion that Movant was unaware of his ability to assert his actual innocence and challenge the sufficiency of the government's evidence. Even assuming this is the case, however, Movant's sworn statements at his guilty plea hearing—along with the signed stipulation of facts—are taken as true "[a]bsent clear and convincing evidence to the contrary." *Fields v. Attorney Gen.*, 956 F.2d 1290, 1299 (4th Cir. 1992). There is no such clear and convincing evidence in this case, and it is

logically impossible to be prejudiced by insufficient evidence when a defendant's actual innocence or guilt is not in question. It follows that this objection must be denied.

### 4. Objection 7: Drug Quantity as a Jury Question

Movant's final prejudice-related objection stems from his attorney's alleged failure to advise him of his right to have a jury determine the quantity of drugs attributable to him. *Objections*, at 5. The Court reiterates that a defendant's sworn statements at a plea hearing are taken as true unless clear and convincing evidence demonstrates that they are false. *Fields*, 956 F.2d at 1299. At his plea hearing, Movant conceded that his participation in the drug conspiracy involved 700 grams of heroin. *Plea Hr'g Tr.*, ECF No. 218, at 15–16. This is, obviously enough, more than the 100-gram threshold included in the indictment. As such, his attorney's failure to inform Movant of the jury's role in determining drug quantity could not have caused any prejudice. This objection is therefore denied.

### E. Objections 8 and 9: Erroneous Legal Conclusion as to Claim Three

Movant's next two objections, if not identical, are closely related. Both stem from Movant's sentencing, which he characterizes as a "defacto [sic] trial." *Objections*, at 5. He claims his attorney did not inform him that "hearsay testimony" would be solicited, or that a preponderance standard would be applied to any testimony or evidence presented by the parties. *Id.* at 5–6. Once again, Movant's objections are meritless. As Magistrate Judge Eifert points out, "it is not rational under the circumstances to base the decision to plead guilty on a belief that doing so will prevent the introduction of evidence establishing guilt, when, by the act of pleading guilty, the defendant admits guilt to all material elements of the crime." *PF&R*, at 23. To the extent Movant believes he was prejudiced by the introduction of testimony establishing drug quantity, his plea agreement makes clear that the United States reserved the right to "[p]resent evidence and

argument relevant" to sentencing. *Plea Agreement*, at 5. In sum, there is simply no basis for arguing that Movant was prejudiced by his attorney's alleged failure to adequately explain the presence and role of witnesses at a sentencing hearing.[2] There is similarly no basis to conclude that his attorney's alleged failure to inform him of a sentencing hearing's preponderance standard could have influenced his decision to plead guilty, as the act of pleading guilty concedes each material element of an offense. As such, Movant's eighth and ninth objections must be denied.

### F. Objection 10: Erroneous Legal Conclusion as to Claim Ten

Movant's tenth objection brings together a number of disjointed assertions that have no bearing on particular findings contained in the PF&R, and so the Court does not undertake a *de novo* review of each of these contentions.[3] Nevertheless, Movant clearly objects to Magistrate Judge Eifert's reliance on his professions of satisfaction with his attorney in reaching her conclusion that defense counsel was not ineffective. In particular, he contends that "the district court should have asked Movant if he still expressed satisfaction with his attorney[']s performance once the sentence was imposed." *Objections*, at 6. Movant does not—and cannot—point to any authority supporting this position. In any event, it is a logical fallacy to assume that imposition of a particular sentence alone may transform satisfactory representation into unsatisfactory representation. It is the role of a defense attorney to advocate for his client, but it is the role of a court to impose sentence. The fact that this Court imposed a sentence higher than Movant would have otherwise preferred does not bear on the effectiveness of his counsel, particularly where—as

---

[2] The Court echoes Magistrate Judge Eifert's doubts that "an experience criminal defense attorney, such as [Movant's] attorney, would have advised [him] that no witness testimony would be offered." *PF&R*, at 24.

[3] For example, Movant argues that "in light of the ghost dope it is reasonable that movant was hopeful of a downward departure as opposed to an upward departure in light of the corpus delicti." *Objections*, at 6. Arguments like these are nearly impossible to parse in the first place, and do not relate Magistrate Judge Eifert's findings on any single point.

here—a defendant has repeatedly attested to his satisfaction with his representation. *See PF&R* at 3–4, 20. Movant's objection is therefore meritless, and is accordingly denied.

### G. Objections 12–17, 19: Reliance on Counsel's Affidavit

Movant presents seven objections stemming from the affidavits submitted by his trial counsel during the course of the instant post-conviction litigation. *See Objections*, at 7–10. As is explained below, each of these objections is groundless.

#### 1. Objection 12: Generally Conflicting Material Facts

Movant's first objection is that the PF&R relied "solely on counsel's affidavit, where the court is faced with conflicting affidavits on material facts." *Id.* at 7. Beyond this general assertion, Movant does not provide a single particularized example of such a disputed fact or of Magistrate Judge Eifert's "sole" reliance on one version of it. *Id.* The Court is not required to undertake a *de novo* review of generalized and conclusory objections, and it declines to do so here. *See McPherson*, 605 F. Supp. 2d at 749. As there is no clear error in the PF&R's treatment of counsel's affidavit, Movant's objection is denied.

#### 2. Objections 13–17, 19: Failure to Address Shortcomings in Affidavit

Movant's final set of objections all relate to the PF&R's "failure to make findings and conclusions in reference to" various facets of his trial counsel's affidavit. *Objections,* at 7–10. Movant once again references counsel's alleged failure to inform him of the procedural elements of a sentencing hearing, the "conflicting and inconsistent" statements regarding his requests to withdraw his guilty plea, the "tactics" employed to revise his PSR, the preponderance burden applied at sentencing, the "discriminatory and improper use of information provided as part of [a] cooperation agreement of witnesses," and the decision to stipulate to "non-existing ghost dope and baseless sentencing enhancements." *Id.* While framed as objections to the PF&R, each of these is

essentially an objection to purported gaps in counsel's affidavits. As a preliminary matter, the Court notes that Magistrate Judge Eifert is under no duty to address the universe of conceivable omissions in counsel's affidavits—or in Movant's affidavit, for that matter—before issuing a complete PF&R that fully addresses each of Movant's arguments. More fundamentally, it is entirely unclear how counsel's failure to use his affidavits to address particular points in Movant's preferred phraseology affects any of the concrete findings contained in the PF&R. Creatively disguised though his objections may be, Movant is not free to couch objections based on the merits of his ineffective assistance of counsel claims in objections aimed at the PF&R's failure to address every possible omission from his trial counsel's affidavits.

Even so, a review of the affidavits in question make clear that counsel actually addresses the points to which Movant objects. In Objection 13, Movant claims that the affidavit does not address his claims "that counsel failed to advise Movant during the negotiation of guilty plea that he would be ambushed and slam dunked with hearsay non-existing drug quantities and testimony at the sentencing hearing," *id.* at 7–8, but counsel squarely refutes this allegation on the first page of his first affidavit, *Davenport Aff.*, at 1 ("It was explained to [Movant], repeatedly, by the undersigned counsel that the precise amount of heroin to be attributed to him would be within this range and that the Government's argument would be based upon testimony by two witnesses claiming to have sold heroin on his behalf."). In Objection 14, Movant objects to counsel's "conflicting and inconsistent affidavit[s] on the receipt of movant's letter complaint of . . . ineffective assistance," *Objections*, at 8, but counsel's supplemental affidavit is unequivocal in stating that he never received such a letter, *Supplemental Davenport Aff.*, ECF No. 330, at 2 ("Counsel did not receive such a letter but was contacted by Court staff and informed of such."). In Objection 15, Movant argues that counsel's affidavit failed to address the "tactic employed to

confuse and obtain guilty plea" through revision of the PSR, *Objections*, at 8, but counsel firmly rejects any allegations of such trickery or deceit, *Davenport Aff.*, at 2 ("The Movant's allegation that he was lied to, misinformed, or subjected to "trickery" by counsel is simply false."). In Objection 16, Movant claims that counsel did not address his alleged failure to inform him of a jury's role in determining drug quantity. *Objections*, at 9. While counsel does not employ these precise words, he represents that he "made four trips to confer with [Movant] at the jail and discussed the drafts and final agreement over more than a six[-]hour period spread over those visits." *Davenport Aff.*, at 2. It is simply not credible to assume that counsel failed to raise the issue of burden of proof at trial anywhere in these discussions.[4] In Objection 17, Movant asserts that counsel did not respond to his allegations of "discriminatory and improper use of information provided as part of cooperation agreement of witnesses at sentencing hearing." *Objections*, at 9. Setting the vagueness of this claim aside, counsel clearly states that he "informed [Movant] that . . . three witnesses against him would testify" and that they "reviewed grand jury testimony and collaborated on the cross examination topic and specific questions that should be asked of each witness." *Supplemental Davenport Aff.*, at 3. Finally, in Objection 19 Movant argues that counsel did not refute his allegations that he advised him to stipulate to "non-existing ghost dope and baseless sentencing enhancements." *Objections*, at 10. To the contrary, counsel claims that he and Movant decided together "that a plea agreement as negotiated with [the] United States was in

---

[4] Even in the exceedingly improbable event that counsel did not discuss relevant burdens of proof before his plea hearing, Movant was made aware of the Government's burden to prove its case beyond a reasonable doubt to sustain a conviction at his plea hearing. *Plea Hr'g Tr.*, at 26–27 ("Q: Do you understand you would be presumed innocent until the Government presented enough evidence to convince the judge and a jury that you were guilty beyond a reasonable doubt? A: Yes, sir.").

[Movant's] best interest." *Davenport Aff.*, at 1–2. With all this in mind, Movant's objections based on the insufficiency of the PF&R's examination of counsel's affidavits must be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Movant's Objections, ECF No. 383, and **ADOPTS AND INCORPORATES HEREIN** the PF&R, ECF No. 368. The Court further **DISMISSES WITH PREJUDICE** both of Movant's motions, ECF Nos. 188, 283, and **GRANTS** the Government's Motion to Dismiss, ECF No. 334. As a final matter, the Court **ORDERS** this case stricken from its docket.

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record, as well as to any unrepresented parties.

ENTER: January 10, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE